John W. Holcomb (Bar No. 172121)
john.holcomb@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: 951-781-9231
Facsimile: 949-760-9502

Reza Mirzaie (Bar No. 246953)
reza.mirzaie@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1901 Avenue of the Stars, Suite 1500
Los Angeles, CA 90067
Telephone: 310-551-3450
Facsimile: 310-551-3458

Attorneys for Plaintiff and Counterdefendant
IRISE

Kai Tseng (Bar. No. 193756)
ktseng@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

James C Brooks (Bar. No. 129680)
jbrooks@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

Donald E. Daybell (Bar. No. 210961)
ddaybell@orrick.com
Mark J. Shean (Bar No. 217671)
mshean@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: 949-567-6700
Facsimile: 949-567-6710

Attorneys for Defendant and Counterclaimant
AXURE SOFTWARE SOLUTIONS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IRISE, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AXURE SOFTWARE SOLUTIONS, INC., a California corporation; and INTEGRATED ELECTRICAL SERVICES, INC., a Delaware corporation,<br><br>Defendants. | Case No. 08-CV-03601 SJO (JWJx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES BY THE COURT** |

AXURE SOFTWARE SOLUTIONS,  )
INC., a California corporation,  )
                               )
          Counterclaimant,     )
                               )
     v.                        )
                               )
IRISE, a California corporation,  )
                               )
          Counterdefendant.    )
                               )

Whereas pretrial discovery in this action involving Plaintiff and Counterdefendant IRISE ("iRise") and Defendant and Counterclaimant AXURE SOFTWARE SOLUTIONS, INC. ("Axure"), shall necessarily involve the disclosure of trade secrets or confidential research, development, or commercial information of the parties and of non-parties from whom discovery may be sought; and

Whereas iRise and Axure stipulate pursuant to Rule 26(c) of the Federal Rules of Civil Procedure – subject to the approval of the Court – to the following Protective Order:

**1.     Scope of Protection.**

1.1     This Protective Order shall govern any information, document or thing designated pursuant to Paragraph 2 of this Protective Order, produced in this case, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials and things, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2     This Protective Order shall also govern any designated information, document or thing produced in this case pursuant to required disclosures under any federal procedural rule, local rule, and any supplementary disclosures thereto.

1.3     This Protective Order shall apply to the parties and any nonparty from whom discovery is sought and who desires the protection of this Protective Order.

1.4     This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents,

independent contractors, or other persons or organizations over which they have control.

**2. Designation.**

2.1    Each party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document or thing produced by it in this case which contains, reflects, or otherwise discloses confidential technical, business and/or financial information. This designation shall be made by marking each page or thing containing Confidential information with the legend CONFIDENTIAL (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in Paragraph 15.

2.2    Each party shall have the right to designate as "Attorneys' Eyes Only," restricted to review by outside attorneys and others specified in Paragraph 4.2 only and subject to this Protective Order, any information, document or thing produced in this case which contains, reflects or otherwise discloses trade secrets, current research and development or other competitively sensitive information. Such "Attorneys' Eyes Only" information, documents and things may include, without limitation, currently competitive trade secrets, confidential technical information, technical practices, methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees. This designation shall be made by marking each page or thing containing Attorneys' Eyes Only information with the legend ATTORNEYS' EYES ONLY (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in Paragraph 14.

2.3     The parties will use reasonable care to avoid designating any information, documents or things Confidential that are generally available to the public. The parties will also use reasonable care to avoid designating any information, documents or things "Confidential" or "Attorneys' Eyes Only" for which the designating party does not have a good faith belief that the information, documents or things satisfy the criteria set forth in this Paragraph. To the extent that material is marked "Confidential" or "Attorneys' Eyes Only" (collectively "Designated Information"), such material shall be revealed to or used only by persons authorized to receive Designated Information pursuant to Paragraph 4 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof shall also be deemed Confidential or Attorneys' Eyes Only and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

2.4     With respect to all materials provided for inspection by a party's counsel, designation need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated Attorneys' Eyes Only from the time of the inspection until otherwise designated pursuant to this Protective Order or produced without a designation.

**3.      Limit on Use and Disclosure of Designated Information.**

3.1     All recipients of Confidential or Attorneys' Eyes Only information pursuant to this Protective Order shall use any Designated Information governed by this Protective Order only in connection with the prosecution or defense of

this case, and for no other purpose whatsoever, except by consent of the parties or order of the Court and shall maintain the Designated Information with appropriate safeguards in accordance with the terms of this Protective Order. No party or other person shall disclose or release to any person not authorized under this Protective Order any Designated Information governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose. The party or parties receiving Designated Information shall not under any circumstances sell, offer for sale, advertise, or publicize Designated Information or any information contained therein.

3.2    Counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated "Confidential" or "Attorneys' Eyes Only" information received by the party — provided that such rendering of advice and opinions shall not reveal the content of such Designated Information except by prior written agreement with counsel for the producing party. Counsel receiving "Confidential" or "Attorneys' Eyes Only" information may not use such Designated Information to provide advice or opinions to facilitate prosecution of any patents or to otherwise attempt to secure patent claims (*e.g.*, reissue, reexamination, and certificates of correction).

3.3    Any outside counsel, expert or consultant employed by the receiving party who reviews Attorneys' Eyes Only information produced by the producing party shall maintain a log of the specific Bates labeled pages, items, or portions thereof that were reviewed. Such log shall not be required to be disclosed to any party other than the party that produced the Attorneys' Eyes Only information, and shall be disclosed to that producing party only following the conclusion of the litigation within 30 days of a request for the log by the producing party. Such reviewing person shall not, in any continuation, divisional, original, reexamination, or reissue application related to programming environments for simulations of computer applications, draft,

prosecute, or otherwise assist in the preparation or prosecution of any patent claims related to systems and methods for simulations of computer applications that would be infringed, either directly, contributorily or by inducement, literally or by equivalents, by any method or apparatus disclosed in the Attorneys' Eyes Only information reviewed by that person as disclosed in the log.

a.    The prosecution bar set forth in this Paragraph 3.3 shall expire for each such person one year after the earlier of:  (i) the entry of a final non-appealable or non-appealed judgment as to the party that such person represents; or (ii) the complete settlement of all claims or counterclaims related to United States Patent No. 7,349,837 as to the party that such person represents.

b.    The prosecution bar set forth in this Paragraph 3.3 shall not prohibit, restrict, or in any way limit any person's ability to participate in a reexamination proceeding where such participation is not undertaken on behalf of an owner of the patent.

3.4    The attorneys of record for the parties and other persons receiving Designated Information governed by this Protective Order shall exercise reasonable care to ensure that the Designated Information governed by this Protective Order is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons.

**4.    Disclosure of Designated Information.**

4.1    Information, documents or things designated "Confidential" shall be disclosed by the recipient thereof only to:

a.    the outside attorneys of record for the parties and their partners, attorney employees, and their authorized administrative, clerical and legal assistant staff;

b.      up to five (5) employees, principals, directors or officers of iRise having responsibility for providing oversight of or assistance in the litigation;

c.      up to five (5) employees, principals, directors or officers for Axure having responsibility for providing oversight of or assistance in the litigation;

d.      consultants or experts who are not employees of any party to this action, and their staffs, retained by the parties or their attorneys for purposes of this case, subject to the procedures of Paragraph 6;

e.      the Court and Court personnel;

f.      court reporters employed in connection with this case;

g.      outside copying and computer services necessary for document handling, and other litigation support personnel (*e.g.*, graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them ; and

h.      translation services necessary for translating documents in this case.

4.2      Information, documents or things designated "Attorneys' Eyes Only" shall be disclosed only to:

a.      the outside attorneys of record for the parties and their partners, attorney employees, and their authorized administrative, clerical and legal assistant staff;

b.      consultants or experts who are not employees of any party to this action, and their staffs, retained by the parties or their attorneys for purposes of this case, subject to the procedures of Paragraph 6;

c.      the Court and Court personnel;

d.      court reporters employed in connection with this case;

e.    outside copying and computer services necessary for document handling, and other litigation support personnel (*e.g.*, graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them; and

f.    translation services necessary for translating documents in this case.

4.3    No disclosure of Designated Information shall be made to persons in Subparagraphs 4.1(b)-(d) and (h) and 4.2(b) and (f) unless such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be served on the producing party prior to receipt by such persons of any Designated Information. Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a Confidentiality Undertaking. An individual signing a Confidentiality Undertaking, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Protective Order. In any case, the provisions of Paragraph 6 must be followed prior to any disclosure of Confidential or Attorneys' Eyes Only information to experts, consultants or their staff.

4.4    If any Designated Information is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure shall, immediately on discovery of that disclosure, inform the producing party of all facts pertinent to the disclosure and make all reasonable efforts to prevent further disclosures by each unauthorized person who received such information.

**5.     Computer Source and Other Code.**

5.1     Each party shall have the right to designate any computer source code, executable code, microcode, RTL, HDL or other hardware description language documents, and copies thereof, under the provisions of Paragraph 5.3, as HIGHLY SENSITIVE CODE. Information, documents and things so designated will be subject to all of the restrictions as material designated as Attorneys' Eyes Only and further will be subject to the following additional restrictions and provisions.

5.2     Code or other materials designated under Paragraph 5.1 shall be produced in one of two ways as set forth below in Subparagraphs (a) and (b), at the election of the producing party:

a.     The producing party shall provide any source code or other materials designated under Paragraph 5.1 on CD-ROM (or on such other format as may be necessary and agreed to by the requesting party), organized on the CD-ROM by software release version. One copy of the CD-ROM shall be produced to the requesting trial counsel, and kept at the offices of trial counsel, maintained in a locked cabinet or the like. In addition, one copy for each qualified consultant or expert pursuant to Paragraph 6 designated by trial counsel to review the materials may be made and may be maintained in a locked cabinet or the like at the expert's worksite. No additional copies shall be made. Counsel of record and each qualified consultant or expert receiving materials designated under Paragraph 5.1 (together, the reviewing parties) may load the materials onto a stand-alone, non-networked, password protected computer, which shall not be connected to any peripheral device other than a monitor, keyboard, and mouse. While in use, the computer and such designated materials shall not be left unattended by a reviewing party. When not in use, the computer shall be stored securely in a locked cabinet or room.

-8-

The reviewing party is permitted to load any special software that he or she may deem necessary to conduct an appropriate inspection or analysis of the materials, such software to be provided by the reviewing party. The reviewing party agrees that it will not use software not reasonably necessary to efficiently conduct an appropriate review and analysis of the materials designated under Paragraph 5.1. The reviewing party will identify for the producing party prior to loading it into the computer any special software to be used to conduct an inspection or analysis of the designated materials. Should the CD-ROM become damaged, the producing party shall exchange the damaged CD-ROM for an undamaged CD-ROM.

b. Alternatively, the producing party may at its own expense provide a convenient secure facility or facilities at which the reviewing parties may conduct their review. Facilities will be provided in not more than two locations such that the material will be made available in an agreed location or locations proximate and convenient to the location of (1) trial counsel and (2) one qualified consultant or expert pursuant to Paragraph 6 designated by trial counsel to review the materials. These locations may be changed by mutual agreement of the producing and receiving party in the event of changed circumstances, which agreement will not be unreasonably withheld. The materials designated under Paragraph 5.1 shall be made available for inspection, with two hours advance notice, at any time during normal business hours, or, with twenty-four hours advance notice, at any other time during which reviewing parties may wish to conduct their review. The producing party shall provide a stand-alone computer system deemed suitable by the requesting party for use in reviewing and analyzing the designated materials. The producing party shall permit the reviewing party to load

any special software that he or she may deem necessary to conduct an appropriate inspection or analysis of the materials, such software to be provided by the reviewing party. The reviewing party agrees that it will not use software not reasonably necessary to efficiently conduct an appropriate review and analysis of the materials designated under Paragraph 5.1. The reviewing party will identify for the producing party prior to loading it into the computer any special software to be used to conduct an inspection or analysis of the designated materials. No electronic copies of the materials designated under Paragraph 5.1 and produced at the secure facility may be made and removed from the secure facility by a reviewing party without the express written consent of the producing party.

5.3    A reviewing party shall be entitled to make printouts in paper form of as many lines of source code as they deem reasonably necessary for use as an exhibit at deposition, to prepare an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial. If the producing party has elected to use the procedure set out in Paragraph 5.2(b) then the secure facility shall include a means for a reviewing party to make printouts promptly at the time of his or her inspection. The producing party may, at the producing party's election, either (i) permit the reviewing party to immediately remove such printouts, in which case it shall be the responsibility of the requesting party to promptly have such printouts marked with a legend designating them as "HIGHLY SENSITIVE CODE," or (ii) retain and mark such printouts with a legend designating them as "HIGHLY SENSITIVE CODE" and produce them to the reviewing party by hand delivery within no longer than 24 hours after printing. All such printouts shall be stored securely in a locked cabinet when not in use. No further copies shall be made except as set out below in Paragraph 5.4.

-10-

5.4    The receiving party is permitted to make such copies as are necessary for reasonable consultation between counsel and/or qualified consultants or experts, for use as an exhibit at deposition, to prepare an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial. The receiving party shall avoid such use except as necessary to meet its burden of proof, and shall take all reasonable steps necessary to restrict the dissemination of such copies. If a producing party so requests, any materials designated under Paragraph 5.1 and used as exhibits in a deposition shall not be appended to the transcript of the deposition, in which case any objection is waived by any party as to the identity of the deposition exhibit if cited or relied upon in any subsequent expert report, motion, or at trial. At the conclusion of each day of a deposition in which any materials designated under Paragraph 5.1 are used, the receiving party shall collect each copy of the materials, including the copy marked by the court reporter if the producing party has so requested, and no one other than the receiving and producing party may remove copies of materials designated under Paragraph 5.1 from the deposition room.

5.5    If any party intends to file or otherwise submit to the Court any material designated under Paragraph 5.1, or offer any evidence at trial based on the materials designated under Paragraph 5.1, the party shall take appropriate measures to preserve the confidentiality of the designated material including but not limited to filing such material under seal, as set forth in Paragraph 11 below.

5.6    Within 30 days of the conclusion of the litigation:

a.    All copies of materials designated under Paragraph 5.1 must be returned to the producing party, <u>except any copies in the custody of the Court.</u>

b.    Notwithstanding the provisions above, outside counsel may retain for archive purposes one (1) magnetic and one (1) paper copy of all

-11-

pleadings exchanged by the parties or filed with the Court that contain excerpts of materials designated under Paragraph 5.1.

**6.      Identification of Experts and Limitation on Expert Discovery.**

6.1      Before any party discloses information designated Confidential or Attorney' s Eyes Only to any expert or consultant pursuant to Paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a list of the proposed expert or consultant's past, current and anticipated consulting or other employment relationships, a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years and all prior and/or present relationships between the expert or consultant and the parties in this case. Experts or consultants to whom Confidential or Attorney's Eyes Only information is to be disclosed shall not be otherwise engaged in providing services to any party or a party's competitor concerning systems and methods for simulations of computer applications.

6.2      The attorney for the producing party shall have five (5) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Objections shall not be made except where the objecting party has a good faith belief that it may be harmed by the disclosure of the party's information. Any objection made to an opposing party shall state in detail the basis for the objection. If no objection is made within the five (5) business day period, the consultant or expert shall be permitted to receive Confidential or Attorney's Eyes Only information pursuant to the terms of this Protective Order.

6.3      The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure to the consultant or expert within ten (10)

business days after the objection was made. If any such motion is made, the objecting party shall bear the burden of proof. If no such motion is made within said ten (10) business day period, the consultant or expert shall be permitted to receive Confidential or Attorneys' Eyes Only information pursuant to the terms of this Protective Order. In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

6.4    A testifying expert's draft reports, notes, outlines, and any other writings leading to his or her final report in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his or her work, are exempt from discovery unless relied upon by the expert in forming his or her opinions.

**7.    Related Documents.**

Information, documents or things designated "Confidential" or "Attorneys' Eyes Only" may include (i) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (ii) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (iii) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (iv) deposition testimony designated in accordance with Paragraph 8.

**8.    Designation of Hearing Transcripts and Deposition Transcripts and Exhibits.**

8.1    Deposition transcripts, or portions thereof, may be designated as containing Confidential or Attorneys' Eyes Only information subject to this Protective Order either (i) at the time of such deposition, in which case the

transcript of the designated testimony shall be marked by the reporter with the appropriate legend (*see* Paragraphs 2.1 and 2.2) as the designating party may direct, or (ii) within twenty (20) business days after receipt of the official transcript of the deposition by providing written notice to the reporter and all counsel of record of the specific pages and lines that contain Confidential or Attorneys' Eyes Only information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, Attorneys' Eyes Only for a period of fifteen (15) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a nondesignating party to persons other than those persons named or approved according to Paragraph 4.2 during that period.  Any portions of such transcripts not designated within this time frame shall not thereafter be treated as Confidential or Attorneys' Eyes Only information, except by order of the Court.

8.3    Any party may mark any document or thing containing Confidential or Attorneys' Eyes Only information as an exhibit to a deposition, hearing or other proceeding, provided the witness is qualified under the terms of this Protective Order to have access to such designated material.

8.4    The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates Confidential or Attorneys' Eyes Only and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to Paragraph 4.

8.5    At any court hearing or proceeding no party is prevented by this Protective Order from moving the Court to close the hearing and designate all or portions of the transcript as Confidential or Attorneys' Eyes Only information.

-14-

**9.     Disclosure to Author or Recipient.**

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated Confidential or Attorneys' Eyes Only to any current employee or principal of the producing party or to any person that the document clearly identifies as an author, addressee, or recipient of such document or who can be shown by appropriate foundation (without disclosing the contents of the document) would have received the particular document or would have been expected to know the contents of particular document based on his/her position. Regardless of the designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss the subject matter of such conduct or statements with such witness without revealing any portion of the contents of the document or testimony, and such discussion shall not constitute disclosure in violation of this Protective Order.

**10.     Confidentiality of Party's Own Documents.**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure by the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

**11.   Filing of Documents Designated Under This Order; Sealed Filings Authorized.**

Any information designated Confidential or Attorneys' Eyes Only, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any other party's Confidential or Attorneys' Eyes Only information subject to this Protective Order shall file such paper in compliance with and pursuant to the pertinent local rules where the paper is being filed.  The parties are authorized under this continuing protective order to file any information designated Confidential or Attorneys' Eyes Only under seal.  A Notice of Filing/Lodging Under Seal must be submitted for filing. The sealed document(s) must be presented in the proper form as specified under Local Rule 79-5.1 at the same time the Notice is filed. Counsel must submit either a copy of this protective order or, under the case number of the title page, type "Filed Under Seal Pursuant To Protective Order Dated _____."  (*See* Preparing Sealed Documents on Civil Cases, 7/17/2008, available at www.cacd.uscourts.gov, Filing Procedures tab).

**12.   Challenge to Confidentiality.**

12.1   This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (i) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (ii) applying to the Court for an order permitting the disclosure or use of Designated Information otherwise prohibited by this Protective Order, or (iii) applying for a further order modifying this Protective Order in any respect.  No party shall be obligated to challenge the

propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

12.2   If a party seeks de-designation of particular items the following procedure shall be utilized:

a.   The party seeking such de-designation shall give counsel of record for the designating party written notice thereof specifying the Designated Information as to which such removal is sought and the reasons for the request; and

b.   If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed.  On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated as Confidential or Attorneys' Eyes Only information and the receiving party shall establish that the information is an appropriate target of discovery.

**13.   Inadvertent Disclosure Of Privileged Information.**

The procedures set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure shall govern in the event of a claim of inadvertently produced privileged information. Production of privileged material without an express written notice of intent to waive the attorney-client or work product protection shall not be deemed a waiver of the attorney-client privilege or work product protection so long as the producing party timely informs the receiving party of the identity of the materials mistakenly produced after learning of the mistaken production.

### 14.   Inadvertent Failure to Designate.

A producing party or nonparty that inadvertently fails to designate information, documents or things pursuant to this Protective Order at the time of production may hereafter make a designation pursuant to this Protective Order by serving notice thereof in writing accompanied by substitute copies of each item, appropriately designated, to the receiving party within five (5) business days of discovery that the information, documents or things were not properly designated. The receiving party shall not be in violation of this Protective Order for disclosures made prior to receipt of notification. Those individuals who reviewed the information, documents or things prior to the notice of misdesignation or failure to designate by the producing party shall return to counsel for the producing party or destroy and certify destruction of all copies of the misdesignated information, documents or things within ten (10) business days after receipt of such notification.

### 15.   Prior or Public Knowledge.

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure is made prior to disclosure or is public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

### 16.   Limitation of Protective Order.

Nothing in this Protective Order is intended to alter the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules, or any Discovery Order issued by the Court. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege, work product immunity, and/or other immunity, or to

-18-

preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 17.   Other Proceedings.

If Designated Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, the receiving party to whom the discovery request or compulsory process is directed shall within three business days after receipt thereof give written notice by hand, certified mail, facsimile or electronic transmission of such discovery request or compulsory process to the producing party, and provide the producing party with a copy of the discovery request or compulsory process. If the producing party timely makes a motion to quash, and to the extent permitted by law, the receiving party shall withhold such Designated Information until disposition of any such motion to quash.

### 18.   Non-Party Material.

The terms of this Protective Order are applicable to Confidential, Attorneys' Eyes Only or Highly Sensitive Code information provided by a non-party. Information provided by a nonparty in connection with this case and designated Confidential, Attorneys' Eyes Only or Highly Sensitive Code pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

### 19.   Return of Designated Information.

Within ninety (90) calendar days after the final termination of the this action by unappealable judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all Designated Information and all other materials containing Designated Information, including all copies, extracts and summaries thereof, to the party from whom the

designated material was obtained, except that any documents or copies which contain, constitute or reflect attorney work product, attorney-client privilege communications, and/or other immune communications may be retained by counsel, subject to a continuing obligation to protect Designated Information pursuant to this Protective Order.

**20.    Waiver or Termination of Protective Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. ~~This Court retains and shall have continuing jurisdiction over the parties and recipients of the Designated Information for enforcement of the provisions of this Order following termination of the last pending action involving the patent-in-suit~~.

**21.    Modification of Protective Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court. This Protective Order supersedes any agreements between the parties regarding the confidentiality of Designated Information entered into before the date of this Protective Order.

**22.    Paragraph Captions.**

The title captions for each paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of the Protective Order.

**23.   Days.**

All references to "days" in this Protective Order shall be construed as calendar days, unless otherwise specifically indicated.

<u>The Court and its personnel shall not be bound by the terms of this stipulation and/or order.</u>

**IT IS SO STIPULATED:**

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:   03/10/09                    By:   s/_____
                                                    John W. Holcomb
                                                    Reza Mirzaie
                              Attorneys for Plaintiff and   Counterdefendant IRISE

ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated:   03/09/09                    By:   s/_____
                                                    Kai Tseng
                                                    James C. Brooks
                                                    Donald E. Daybell
                                                    Mark J. Shean
                              Attorneys for Defendant and Counterclaimant
                                      AXURE SOFTWARE SOLUTIONS, INC.

**IT IS SO ORDERED**

**Dated: March 12, 2009**                _____/s/_____
                                                    **JEFFREY W. JOHNSON**
                                                    **UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A
## <u>CONFIDENTIALITY UNDERTAKING</u>

I have read the Protective Order concerning the confidentiality of information in the above captioned litigation. I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential information. I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order described above with respect to any information designated Confidential or Attorneys' Eyes Only that is furnished to me. I hereby consent to the personal jurisdiction of the United States District Court, Central District of California, for any proceedings involving the enforcement of that Protective Order.

EXECUTED this _____ day of _____, _____

_____
Printed Name

_____
Signature

_____
Present Employer/Other Business Affiliation

_____
Business Address

6561450_1/6778163
031009

-22-