1  Kai Tseng (State Bar No. 193756)
      *ktseng@orrick.com*
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  94025-1015
   Telephone:  (650) 614-7400
4  Facsimile:   (650) 614-7401

5  James C. Brooks (State Bar No. 129680)
      *jbrooks@orrick.com*
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
7  Los Angeles, CA  90017-5855
   Telephone:  (213) 629-2020
8  Facsimile:   (213) 629-2499

9  Donald E. Daybell (State Bar No. 210961)
      *ddaybell@orrick.com*
10 Mark J. Shean (State Bar No. 217671
      *mshean@orrick.com*
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA  92614-2558
   Telephone:  (949) 567-6700
13 Facsimile:   (949) 567-6710

14 Attorneys for Defendant
   AXURE SOFTWARE SOLUTIONS, INC.
15

16                    UNITED STATES DISTRICT COURT
17                   CENTRAL DISTRICT OF CALIFORNIA
18                           WESTERN DIVISION
19

| | |
|---|---|
| 20  IRISE, a California corporation, | Case No.:  2:08-cv-03601 SJO (JWJx) |
| 21         Plaintiff, | |
| 22     v. | **AXURE'S *EX PARTE* APPLICATION TO DEEM AXURE'S MOTION FOR SUMMARY JUDGMENT TIMELY FILED** |
| 23  AXURE SOFTWARE SOLUTIONS, INC, a California corporation; and INTEGRATED ELECTRICAL SERVICES, INC., a Delaware corporation, | |
| 24 | |
| 25 | Date:         July 6, 2009 |
|    | Time:         10:00 a.m. |
| 26       Defendants. | Courtroom:  Hon. S. James Otero |
| 27  AND RELATED COUNTERCLAIMS. | Pre-Trial Conf:  September 21, 2009 |
|    | Trial Date:      September 29, 2009 |
| 28 | |

1  Axure Software Solutions, Inc. ("Axure") hereby moves *ex parte* for an order
2  from the Court that the summary judgment documents filed on the public record by
3  Axure at 4:33 p.m. on June 15, 2009 be treated as timely filed on the June 15, 2009.
4  The Court's Scheduling Order in this matter set June 15, 2009 as the deadline
5  for the filing of opening summary judgment briefs. The Court further set a deadline
6  of 4 p.m. for all electronic filings.
7  Axure prepared a motion for summary judgment of non-infringement and
8  invalidity of Plaintiff iRise's U.S. Patent No. 7,349,837. Documents supporting
9  Axure's summary judgment motion included pleadings and exhibits to be filed on
10 the public record, together with exhibits to be filed under seal. Axure's under-seal
11 exhibits were lodged with the Clerk's office prior to 4:00 p.m. on June 15th. (*See*,
12 *Declaration Of Amy Maruska In Support Of Axure's Ex Parte Application To Deem*
13 *Axure's Motion For Summary Judgment Timely Filed*, hereinafter "*Maruska*
14 *Declaration*," ¶ 3.)
15 At approximately 3:45 p.m. on June 15, 2009, counsel for Axure attempted to
16 electronically file the following public pleadings and exhibits in connection with
17 Axure's summary judgment motion:
18 (1) *Axure's Notice Of Motion And Motion For Summary Judgment Of Non-*
19    *Infringement And Invalidity*;
20 (2) *Memorandum Of Points And Authorities In Support Of Axure's Motion*
21    *For Summary Judgment Of Non-Infringement And Invalidity*;
22 (3) *Statement Of Uncontroverted Facts And Conclusions Of Law In Support*
23    *Of Axure's Motion For Summary Judgment Of Non-Infringement And*
24    *Invalidity*;
25 (4) *Declaration Of Victor S. Hsu In Support Of Axure's Motion For*
26    *Summary Judgment Of Non-Infringement And Invalidity*, including
27    Exhibits B-H and N-P;
28

(5) *Declaration Of Donald E. Daybell In Support Of Axure's Motion For Summary Judgment Of Non-Infringement And Invalidity*, including Exhibits 1, 3-5, and 7-19; and

(6) Proposed Order.

Axure's initial attempt to file the above-referenced documents was rejected by the Central District's E-Filing ("ECF") system because the size of certain exhibits exceeded the ECF system's transmission capacity. (*Maruska Declaration*, ¶ 4.) As the Court will note from the courtesy copies of Axure's summary judgment pleadings and exhibits served on June 15, 2009 (before 6 p.m., *see*, *Maruska Declaration*, ¶ 5), some of Axure's exhibits contain color diagrams and color computer screen shots. These color exhibits, as well as some of the larger non-color exhibits, created the file size problems encountered by Axure. (*Maruska Declaration*, ¶ 4.) To remedy this situation, several of Axure's exhibits were split into smaller-sized portions. Axure's public summary judgment pleadings and exhibits were then re-filed, at approximately 4:30 pm on June 15, 2009. (*Maruska Declaration*, ¶ 4.)

Plaintiff iRise was served with copies of Axure's confidential and non-confidential summary judgment pleadings and exhibits before the close of business on June 15, 2009. (*Maruska Declaration*, ¶ 5.) Counsel for iRise has advised that iRise does not oppose Axure's *ex parte* application.

Dated:   June 16, 2009         Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ James C. Brooks*
James C. Brooks

Attorneys for Defendant
Axure Software Solutions, Inc.