John W. Holcomb (Bar No. 172121)
john.holcomb@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: 951-781-9231
Facsimile: 949-760-9502

Craig S. Summers (Bar No. 108688)
craig.summers@kmob.com
Amy C. Chun (Bar No. 204052)
amy.chun@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Reza Mirzaie (Bar No. 246953)
reza.mirzaie@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1901 Avenue of the Stars, Suite 1500
Los Angeles, CA 90067
Telephone: 310-551-3450
Facsimile: 310-551-3458

Attorneys for Plaintiff and Counterdefendant
iRISE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| iRISE, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AXURE SOFTWARE SOLUTIONS, INC., a California corporation; and INTEGRATED ELECTRICAL SERVICES, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 08-CV-03601 SJO (JWJx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF iRISE IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF PLAINTIFF'S ACTUAL OR PERCEIVED MOTIVATIONS FOR FILING THIS LAWSUIT**<br><br>**MIL Hearing**<br>Date: September 29, 2009<br>Time: 9:00 a.m.<br>Ctrm.: 880<br><br>Pre-Trial Conf.: September 21, 2009<br>Trial Date: September 29, 2009<br><br>Hon. S. James Otero |

Through this motion *in limine*, Plaintiff and Counterdefendant iRISE ("iRise") seeks an order preventing Defendant and Counterclaimant AXURE SOFTWARE SOLUTIONS, INC. ("Axure") from presenting any evidence or argument regarding iRise's actual or perceived motivations for filing this lawsuit. Such evidence and argument should be excluded because they are irrelevant under Rule 402 and because they fail the balancing test under Rule 403.

## I. LEGAL STANDARD

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probably than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Further, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. Fed. R. Evid. 403.

## II. BACKGROUND

On June 25, 2009, Axure opposed iRise's Motion for Partial Summary Judgment of Infringement of iRise's U.S. Patent No. 7,349,837 (the "'837 patent"). (*See* Axure's Mem. of P. & A. in Opp'n to iRise's Mot. for Partial Summ. J. of Infringement of U.S. Patent No. 7,349,847 ("Opposition Brief")[1].) In its Opposition Brief, Axure attempted to guess some of iRise's alleged motivations for filing this lawsuit, including the following:

- "iRise e-mails suggest that the present action was filed to disrupt Axure's business." (*Id.* at 4.)

/ / /

---

[1] iRise understands that the Court has a copy of Axure's Opposition Brief, which was filed under seal with the Court.

-1-

- "The present action was initiated in June 2008, shortly after the '837 patent issues, whereupon a blogger on a prototyping website called MNteractive noticed the following exchange with an iRise sales representative. . . ."

    Me: "Give me your 2 minute why iRise versus Axure."

    Rep: "Well first, we just filed a patent infringement lawsuit against them." (*Id.*)

- "iRise's desire to 'take these Axure guys out,' coupled with iRise's leveraging of the present action for sales pitches, indicate that iRise is more interested in using the '837 patent as a sword to eliminate a potential competitor than as a shield to protect iRise's intellectual property." (*Id.* at 4-5.)

### III. ANY ALLEGED MOTIVIATION THAT iRISE MAY HAVE FOR FLING THIS LAWSUIT IS IRRELEVANT

Axure's statements, quoted above, regarding iRise's alleged motivations for filing this lawsuit, have nothing to do with any claim or defense in this case. Moreover, Axure has not asserted any counterclaim that would call into question iRise's motivations for filing this lawsuit. (*See* Answer of Axure Software Solutions to Pl. iRise's Complaint; and Counterclaims (Dkt. No. 20).) Thus, any such alleged motivations are irrelevant to this case. *See, e.g., Georgeson v. Dupage Surgical Consultants, LTD.,* 2007 WL 914207, at *2 (N. D. Ill. March 22, 2007) ("Evidence of [Plaintiff's] motivation for filing this suit will shed no light on either his rights or the defendants' alleged violations of those rights, and therefore his alleged motivation is irrelevant."); *Proctor & Gamble Co. v. Haugen*, 2007 WL 701812, at *3 (D. Utah March 2, 2007) (granting Plaintiff's Motion *in Limine* to exclude evidence regarding its reasons for filing the lawsuit on the grounds that such evidence is not relevant); *Grammenos v. Allstate Ins. Co.*, 2009 WL 1426273, at *2 (E.D. Pa. April 30,

2009) (holding that evidence of Defendant's motivation in filing complaint against the Third Party Defendant is not relevant because there was no "bad faith" claim in the case).

Accordingly, iRise's alleged or actual motivations for filing this lawsuit are irrelevant to Axure's defenses or counterclaims and should be excluded under Rule 402.

## IV. ANY PROBATIVE VALUE OF iRISE'S ALLEGED MOTIVIATIONS FOR FLING THIS LAWSUIT IS SUBSTANTIALLY OUTWEIGHED BY THE LIKELIHOOD OF UNFAIR PREJUDICE AND CONFUSION

Permitting Axure to present evidence or argument regarding iRise's alleged or actual motivations for filing this lawsuit would confuse the jury into thinking that this may be a factor in determining the legal issues in the patent infringement lawsuit. Moreover, even if iRise's motivation was to stop Axure's infringing activity, that motivation is legitimate under the patent laws. By its very nature, a patent is anticompetitive, and the patent itself is a grant to the inventor of "the right to exclude others from making, using, offering for sale, or selling the invention. . . ." *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, 544 F.3d 1323, 1333 (Fed. Cir. 2008) (citing 35 U.S.C. § 154(a)(1)); *Dawson Chemical Co. v. Rohm & Haas Co.*, 448 U.S. 176, 215 (1980)). Accordingly, Axure's evidence or argument that iRise was allegedly motivated to file this lawsuit to stop a competitor from infringing iRise's patent has no probative value. Moreover, even if iRise's motivation for filing suit had some probative value in this case (which it does not), that value would be substantially outweighed by the likelihood of jury confusion and unfair prejudice to iRise. *See, e.g., Grammenos*, 2009 WL 1426273, at *2.

Thus, any evidence or argument regarding iRise's alleged or actual motivations for filing this lawsuit should be excluded under Rule 403.

-3-

## V. CONCLUSION

Evidence concerning iRise's actual or perceived motivation for filing this lawsuit is irrelevant to Axure's defenses and counterclaims. Moreover, any probative value of such evidence is substantially outweighed by the likelihood of unfair prejudice and confusing and misleading the jury. Thus, any and all evidence and argument relating to iRise's actual or perceived motivations for filing this lawsuit should be excluded from trial.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 25, 2009         By: s/Amy C. Chun
                                   John W. Holcomb
                                   Craig S. Summers
                                   Amy C. Chun
                                   Reza Mirzaie
                                   Attorneys for Plaintiff and Counterdefendant
                                   iRISE

7651485_1
082509